An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

SHAWN MICHAEL RONNIE GOODE,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 62224

**FILED**

SEP 1 8 2013



*ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of four counts each of robbery with the use of a deadly weapon and burglary with a firearm. Second Judicial District Court, Washoe County; David A. Hardy, Judge.

First, appellant Shawn Michael Ronnie Goode claims that the district court abused its discretion by not severing all four robberies/burglaries and trying them separately, arguing that the offenses occurred on four separate days in different parts of Reno and that the Cricket robbery/burglary in particular was so remote in time that joinder resulted in unfair prejudice. "The decision to join or sever charges is within the discretion of the district court, and an appellant carries the heavy burden of showing that the court abused that discretion." *Weber v. State*, 121 Nev. 554, 570, 119 P.3d 107, 119 (2005) (footnote omitted). "Even with charges that otherwise could be joined under NRS 173.115, a district court should order severance where joinder would cause unfair prejudice to the defendant." *Id.* at 571, 119 P.3d at 119. "To establish that joinder was prejudicial requires more than a mere showing that severance might have made acquittal more likely." *Floyd v. State*, 118

Nev. 156, 164, 42 P.3d 249 255 (2002) (internal quotation marks omitted), *abrogated on other grounds by Grey v. State*, 124 Nev. 110, 178 P.3d 154 (2008).

Here, the district court denied Goode's motion to sever based on a finding that there was a common scheme or plan with regard to the latter three robberies/burglaries (counts 3 to 8), all of which occurred in a week's time, and that evidence from the Cricket robbery/burglary (counts 1 and 2) would be admissible under NRS 48.045(2). *See id.* at 573, 119 P.3d at 120 (holding that "for two charged crimes to be connected together under NRS 173.115(2), a court must determine that evidence of either crime would be admissible in a separate trial regarding the other crime") (internal quotation marks omitted). Goode has failed to demonstrate that he was unfairly prejudiced by joinder. The jury was instructed to consider each charge and the evidence supporting that charge separately and not to let its finding regarding one charge control its verdict as to any other charge. Additionally, substantial evidence was presented to support a finding of guilt on each of the eight charges. Accordingly, we conclude that the district court did not abuse its discretion.

Second, Goode argues that the in-court identifications by three eyewitnesses should have been excluded because they were unfairly prejudicial. As Goode failed to preserve this claim by making an objection at trial, we review for plain error. *Leonard v. State*, 117 Nev. 53, 63, 17 P.3d 397, 403-04 (2001). Goode alleges that the in-court identifications were suggestive because they happened during trial and were based on eyewitnesses identifying the only person sitting in front of the bar as the possible perpetrator and identifying Goode through a courtroom door. Goode offers no authority to support his argument that identification at

trial is unnecessarily suggestive nor does he demonstrate prejudice, as his counsel was able to cross-examine the eyewitnesses about the circumstances surrounding their identification.[1] Goode further alleges that he was prejudiced because he had no opportunity to prepare for the in-court eyewitness identifications with expert testimony regarding the unreliability of eyewitness identification. Goode fails to demonstrate he was prejudiced by the fact that three of the eyewitnesses identified him at trial as he was aware of other eyewitnesses who had identified him with some certainty prior to trial. Accordingly, we discern no plain error.

Third, Goode asks that we revisit our decision in *Berry v. State*, 125 Nev. 265, 212 P.3d 1085 (2009) *abrogated on other grounds by State v. Castaneda*, 126 Nev. ___, 245 P.3d 550 (2010), and clarify that the definition of "deadly weapon" is limited to those items specifically designed to fire a metallic object as opposed to those items that can fire a metallic object only through misuse. We have held that the Legislature intended the term "deadly weapon" to have broad applicability and that "the definitions set forth in NRS 193.165(6) are instructive to determine what constitutes a deadly weapon." *Funderburk v. State*, 125 Nev. 260, 265, 212 P.3d 337, 340 (2009) (internal quotation marks omitted). Under NRS 202.265(5)(b), a statute referenced in NRS 193.165(6)(c), "any device from which a metallic projectile, including any ball bearing or pellet, may be expelled by means of spring, gas, air or other force" is a firearm and constitutes a deadly weapon under NRS 193.165(6)(c). We are not

---

[1]We are not convinced by Goode's argument that the identification issue was exacerbated by the prosecutor's statements during closing argument.

convinced by Goode's argument that these definitions require clarification or limitation.[2]

Further, Goode argues that the evidence presented at trial was insufficient to support the use of a deadly weapon or firearm enhancements. At trial, the State elicited testimony from a firearms expert that he had examined the device used and determined that it was capable of firing a metallic projectile. The jury could reasonably infer from this testimony that the device used was capable of firing a metallic projectile and therefore qualified as a firearm under NRS 202.265(5)(b) and consequently a deadly weapon under NRS 193.165(6)(c).[3] It is for the jury to "assess the weight of the evidence and determine the credibility of witnesses," and the jury's verdict will not be disturbed on appeal where substantial evidence supports the verdict. *McNair v. State*, 108 Nev. 53, 56, 825 P.2d 571, 573 (1992); *see also Bolden v. State*, 97 Nev. 71, 73, 624 P.2d 20, 20 (1981).

Fourth, Goode alleges that the prosecutor engaged in misconduct during his closing argument with regard to his comments on

---

[2]As to Goode's analysis of the test utilized in *Zgombic v. State*, 106 Nev. 571, 798 P.2d 548 (1990), "[w]e note that the rule enunciated in *Zgombic* was superseded in 1995 by a legislative modification of NRS 193.165(5) which provides a broader definition of 'deadly weapon' than that of *Zgombic*." *Steese v. State*, 114 Nev. 479, 499 n.6, 960 P.2d 321, 334 n.6 (1998).

[3]To the extent that Goode argues that the expert agreed with his counsel's classification of the device as a "toy" or that the device was merely feared to be a deadly weapon but was only a replica, the jury received instructions defining a firearm and a deadly weapon and concluded that the device satisfied the definitions.

what constitutes a deadly weapon. Goode claims that the prosecutor misstated the law when he argued that because the device looked like a firearm, it should be considered a firearm. We review for plain error as Goode failed to preserve this issue. *Valdez v. State*, 124 Nev. 1172, 1190, 196 P.3d 465, 477 (2008). "Under that standard, an error that is plain from a review of the record does not require reversal unless the defendant demonstrates that the error affected his or her substantial rights, by causing actual prejudice or a miscarriage of justice." *Id.* (internal quotation marks omitted). "A prosecutor's comments should be considered in context, and 'a criminal conviction is not to be lightly overturned on the basis of a prosecutor's comments standing alone.'" *Leonard v. State*, 117 Nev. 53, 81, 17 P.3d 397, 414 (2001) (quoting *United States v. Young*, 470 U.S. 1, 11 (1985)). Considering the prosecutor's comments in context, we conclude that Goode has failed to demonstrate reversible plain error.

Having considered Goode's claims and concluded that no relief is warranted, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

cc: Hon. David A. Hardy, District Judge
David Kalo Neidert
Attorney General/Carson City
Washoe County District Attorney
Washoe District Court Clerk